J-S12003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FABIAN DESMOND SMART | : | |
| | : | No. 1469 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order August 24, 2017
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000175-2002

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 13, 2018**

Fabian Desmond Smart appeals from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

In 2004, a jury convicted Smart of first-degree murder, kidnapping and conspiracy in connection with the 1999 beating death of Jason McCann.  Smart was sentenced to life in prison without the possibility of parole.  Smart filed an unsuccessful direct appeal to our Court, and, on May 1, 2007, our Supreme Court denied his petition for allowance of appeal.  Smart did not seek certiorari in the United States Supreme Court.  Smart filed a timely PCRA petition that was denied after a hearing.  Our Court affirmed that decision on a collateral appeal.  In 2009, our Supreme Court denied a petition for allowance of appeal.

On May 4, 2017, Smart filed the instant PCRA petition, his second. On August 24, 2017, the trial court denied his petition. This timely appeal follows, in which he raises the following issue for our review: "Did the trial court err in dismissing [Smart's] PCRA petition seeking relief under the United States Supreme Court precedent in **Pena-Rodriguez v. Colorado**, 137 S. Ct. 855 (U[.]S[.] March 6, 2017)[,][1] due to [the] trial court being unclear as to the decision's retroactivity to allow individuals convicted previous to said decision to set aside the "No[-]Impeachment" rule and challenge racial bias in jury deliberations?" Appellant's Brief, at 2.

Instantly, Smart contends that that jurors at his trial exhibited racial bias and that he is entitled to collateral relief from his judgment of sentence under the new substantive rule[2] of constitutional law announced in **Pena-Rodriguez**.

_____

[1] In **Pena-Rodriguez**, the United States Supreme Court held that where a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment of the United States Constitution requires that the no-impeachment rule give way in order to permit the trial court to consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee. 137 S. Ct. at 869. **See also** Pa.R.E. 606(b) (during inquiry into validity of verdict, juror may only testify about whether prejudicial information not of record and that which is beyond common knowledge and experience was improperly brought to jury's attention, or if outside influence improperly brought to bear on any juror).

[2] In fact, in **Tharpe v. Sellers**, 138 S. Ct. 545 (2018), the United States Supreme Court recently stated that because **Pena-Rodriguez** "permits a trial court 'to consider [certain] evidence,' . . . and does not alte[r] the range of

Before we can address the merits of Smart's issue, we must begin by examining the timeliness of his petition. The PCRA time limitations implicate a court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> (b) Time for filing petition.--
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

---

conduct or the class of persons that the law punishes . . . , it cannot be a substantive rule." ***Id.*** at 551 (citations omitted). Moreover, the Supreme Court acknowledged that the petitioner-defendant in ***Tharpe*** could not even attempt to argue that ***Pena-Rodriguez*** established a watershed rule of criminal procedure where the right to have a jury decide a defendant's eligibility for death does not count as such a rule. ***Id.*** at 552.

> provided in this section and has been held by that court to
> apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Smart's judgment of sentence became final on August 1, 2007, when the time expired for him to file a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13. Thus, he had until August 1, 2008, to file his petition. Accordingly, his current petition, filed in 2017, is facially untimely. Consequently, for this Court to have jurisdiction to review the merits of his claims, Smart must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Smart claims that his petition satisfies the timeliness exception of section 9545(b)(1)(iii), by arguing that the holding of ***Pena-Rodriguez*** applies retroactively and allows the court to inquire into jury deliberations on collateral review where a juror indicates that he or she relied upon racial stereotypes or animus in convicting a defendant. Smart's reliance on ***Pena-Rodriguez***, however, does not satisfy the "new retroactive right" exception of section 9545(b)(1)(iii). In ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497 (Pa. 2002), our Supreme Court held that:

> Subsection (iii) of [s]ection 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply

retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized **at the time the petition was filed**.

*Id.* at 501 (emphasis added).

Because Smart's PCRA petition is untimely, he must demonstrate that the either the United States Supreme Court or the Pennsylvania Supreme Court has held that *Pena-Rodriguez* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See Abdul-Salaam*, *supra*. Because at this time, no such holding has been issued by the United States Supreme Court or our Supreme Court, Smart cannot rely on *Pena-Rodriguez* to invoke that timeliness exception. Thus, the trial court properly dismissed Smart's untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2018

- 5 -